IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARK REESE, *et al.*, | ) |
| | ) |
|   Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 21-0007-CG-MU |
| | ) |
| UNION SUPPLY GROUP, *et al.*, | ) |
| | ) |
|   Defendants. | ) |

## **REPORT AND RECOMMENDATION**

On January 5, 2021, Defendant Union Supply Group, Inc. d/b/a Union Supply Direct ("Union Supply") filed a Motion to Dismiss Plaintiffs' Complaint and supporting brief. (Doc. 3). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72, for entry of a report and recommendation. Union Supply seeks dismissal of Plaintiffs' purported claims against it, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted and, pursuant to Civil LR 41(d), as a frivolous pleading. On May 19, 2021, Plaintiff Mark Reese filed an objection to Union Supply's motion to dismiss and, on May 25, 2021, Union Supply filed a reply to Reese's objection. (Docs. 21, 22). Plaintiff Tommie Blackmon has not filed any response to the motion to dismiss. For the reasons set forth below, it is **RECOMMENDED** that Union Supply's motion to dismiss be **GRANTED.**

## **BACKGROUND**

Plaintiffs, who are proceeding *pro se* and are inmates at the Fountain Correctional Facility in Atmore, Alabama, filed this action against Union Supply, a supplier of

commissary goods to the Alabama Department of Corrections. Plaintiffs contend that Union Supply's collection of state sales tax on merchandise sold to them at Fountain is improper because, according to Plaintiffs, the Alabama Legislature's authority to impose a sales tax derives from the Alabama Constitution of 1901 (the "Alabama Constitution"), which Plaintiffs allege is void in its entirety under the Fourteenth Amendment of the U.S. Constitution. (Doc. 1-1 at p. 8; PageID #: 13).

## **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements, and the allegations must be considered in the light most

favorable to the plaintiff. *See id.; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997).

In addition, "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or **"when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action,"** *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (emphasis added).

## **CONCLUSIONS OF LAW**

Union Supply argues that Plaintiffs' complaint is due to be dismissed for several reasons: 1) Alabama law does not recognize a cause of action for improper collection of sales taxes, 2) Plaintiffs have no remedy for an alleged deprivation of federal constitutional rights against a private corporation, and 3) Plaintiffs have failed to plead and cannot plead sufficient facts to support their theory that the Alabama Constitution is void *in toto.*

**1**. **Improper collection of state sales taxes argument**

Alabama law does not provide a cause of action for citizens to recover alleged improperly collected sales taxes in the manner sought by Plaintiffs. Pursuant to Alabama law, Union Supply is legally obligated to collect sales tax on goods sold within the State of Alabama. Ala. Code § 40-23-26(a); Ala. Admin. Code 810-6-4-.20 ("It is the mandatory duty of the seller, the taxpayer, to pay the tax lawfully due under the Sales Tax Law and a like mandatory duty to add the amount thereof to the sales price and to

collect same from the customer."). It is also well-settled that, "[i]n Alabama, a taxpayer 'may not maintain common law causes of action based on unjust enrichment, fraud or other claims to recover allegedly overcollected sales taxes ….' Moreover, **there is no statutory duty owed to a consumer for a merchant to charge sales tax properly**; therefore, a consumer has no private right of action to sue for recovery of an alleged sales tax overpayment." *Pitts v. Premier Designs, Inc.*, 2005 WL 8158162, at *3 (N.D. Ala. Aug. 1, 2005) (quoting *Smith v. Sears, Roebuck & Co.*, 672 So.2d 794, 798 (Ala. Civ. App. 1995)) (emphasis added).

To the extent Plaintiffs contend they are owed a refund of state sales taxes, their proper recourse is to petition the Alabama Department of Revenue. Ala. Admin. Code 810-14-1-.18 ("Any taxpayer or consumer/purchaser may file a petition for refund of any taxes erroneously paid to the Department."). Because Plaintiffs, as individual consumers, have "no private right of action to sue for recovery of an alleged sales tax overpayment," *Pitts*, 2005 WL 8158162, at *3, this claim is due to be dismissed with prejudice.

### 2. Constitutional violation argument

Plaintiffs' claim is also due to be dismissed to the extent it seeks to impose liability against Union Supply for an alleged constitutional violation. Plaintiffs contend the imposition of sales tax in the State of Alabama is unlawful because it is premised on the authority afforded the Alabama Legislature by the Alabama Constitution, which Plaintiffs assert is void *in toto* "as it's repugnant to the 14th Amendment of the United States Constitution." (Doc. 1-1, PageID.13). Any claim for damages premised upon a violation of the Fourteenth Amendment must be brought via 42 U.S.C. §1983 which, in turn,

provides a right of action against only *state* actors. *See, e.g., Anderson v. Edwards*, 505 F. Supp. 1043, 1045 (S.D. Ala. 1981) ("[N]o claim exists under the first and fourteenth amendments to the United States Constitution because no implied cause of action exists under those amendments. Instead, where rights granted by the first or fourteenth amendments are violated a plaintiff must vindicate those rights through 42 U.S.C. § 1983."); *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000) ("To obtain relief under § 1983, [plaintiff] must show that he was deprived of a federal right by a person acting under color of state law.").

Plaintiffs do not allege that Union Supply is a state actor. The pleadings show that Union Supply is a private corporation and supplier of commissary goods,[1] and therefore, is not a state actor. *See Ahlgrim v. Keefe Group, LLC,* 2016 WL 9819520, at *3 (D.N.M. Oct 19, 2016), report and recommendation adopted, 2016 WL 7246110 (D.N.M. Nov. 30, 2016) ("This Court has found no precedent (nor has it been referred by the parties to any) that holds that a private corporation acts under color of law by contracting with a state prison for the purposes of supplying commissary products to prisoners."). Because Union Supply is a private entity and not subject to suit under 42 U.S.C. § 1983, and because § 1983 is Plaintiffs' exclusive avenue for monetary relief for

---

[1] Union Supply is a California corporation, as demonstrated by Union Supply's May 7, 2020, Statement of Information filed with the Secretary of State of the State of California. (Doc. 3-1). The Court may properly consider this Statement of Information (which is a matter of public record from the Secretary of State's website) without converting the instant motion to dismiss to a motion for summary judgment. *Halmos v. Bomardier Aerospace Corp.*, 404 Fed. Appx. 376, 377 (11th Cir. 2010) ("We have held that a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion."); *Hardman v. S.E. Permanente Med. Group, Inc.*, 2018 WL 1457297, at *1 (M.D. Ala. Mar. 23, 2018) (court may take judicial notice of online records from Secretary of State).

the alleged constitutional injury, Plaintiffs' action is due to be dismissed with prejudice for this reason, as well.

### 3. <u>Alabama Constitution is void argument</u>

This action is also due to be dismissed because Plaintiffs fail to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" that the entire Alabama Constitution is "void." See *Ashcroft*, 556 U.S. at 678. Overturning a state constitution based on racial animus is a tall order: "It is not enough to show discriminatory intent in the drafting of the Alabama Constitution; it must also be shown that but for the discriminatory intent the complained of action would not have been taken." *Holifield v. Stewart*, 2018 WL 3946038, at *8 (S.D. Ala. June 15, 2018), report and recommendation adopted, 2018 WL 3945619 (S.D. Ala. Aug. 16, 2018) (citing *Underwood v. Hunter*, 730 F.2d 614, 617 (11th Cir. 1984), aff'd, 471 U.S. 222 (1985)). Plaintiffs' lone conclusory allegation that the "1901 Constitution of Alabama … was ratified on the basis of purposeful discrimination" certainly falls far short of establishing that "but for the discriminatory intent" the Alabama Constitution would not have been adopted.

Nor could Plaintiffs possibly allege facts sufficient to support their claim that the Alabama Constitution is void for racial animus. Indeed, Plaintiffs are not the first *pro se* prisoners to pursue this theory. In *Holifield*, a federal habeus corpus petitioner similarly argued that "because the 1901 Alabama Constitution was enacted with discriminatory intent, the entire Alabama Criminal Code is null and void and [could not] support his or any other conviction." *Id.* at *8. This Court explained that the petitioner "could not make" the showing necessary to support this claim. *Id.* Plaintiffs' specific claim that the

Alabama Constitution's grant of lawmaking authority to the Alabama Legislature is void cannot possibly proceed. Section 44 of the Alabama Constitution provides that "[t]he legislative power of this state shall be vested in a legislature, which shall consist of a senate and a house of representatives." This section has been described as the "express constitutional provision for representative government, as distinguished from one of direct legislation by the people. It is based on the concept that democratic government functions best through a written Constitution vesting the full legislative power in representatives chosen by the people from all sections of the state, sitting together in two distinct deliberative bodies, with full power to give hearings, make inquiries as to all matters shedding light on the wisdom and fairness of the proposed legislation." *In re Opinions of the JJ.*, 166 So. 706, 707–08 (Ala. 1936). It is inconceivable that the decision to enact a representative form of state government would not have been made "but for" alleged racial animus, and Plaintiffs cannot possibly plead any facts, produce any evidence, or make any reasonable argument otherwise. *Holifield*, 2018 WL 3946038, at *8.

More recently, another inmate at Fountain Correctional Facility argued that "the entire 1901 Constitution of Alabama [including those provisions establishing the authority of the Legislature to enact laws] is void because its ratification was grounded 'in white supremacy … rendering it repugnant to the United States Constitution.'" *McConico v. Top Golf Birmingham B.*, 2020 WL 5580166, at *2 (N.D. Ala. Aug. 19, 2020), report and recommendation adopted, 2020 WL 5569941 (N.D. Ala. Sept. 17, 2020). The Northern District of Alabama rejected this claim as "wholly frivolous." *Id.*

7

Because Plaintiffs failed to plead and cannot possibly plead sufficient facts to support their claim that the entire Alabama Constitution is void for racial animus, this action is due to be dismissed with prejudice.[2]

## **CONCLUSION**

Having reviewed and considered the relevant pleadings, Union Supply's motion to dismiss, Plaintiffs' response, Union Supply's reply, and the relevant law, for the reasons state above, the undersigned Magistrate Judge **RECOMMENDS** that Union Supply's motion to dismiss be **GRANTED** and that any and all claims asserted against Union Supply by Plaintiffs be **DISMISSED, with prejudice,** for the reasons set forth above.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district

---

[2] Civil L.R. 41(d) provides that "[w]henever it appears that the Plaintiff's complaint … is frivolous or interposed primarily for any improper purpose, the Court upon notice may dismiss or strike the pleading, or any portion of the pleading, in accordance with applicable law." For the reasons explained above, Plaintiffs' Complaint is premised on a "wholly frivolous" theory that the entire Alabama Constitution is void. *McConico*, 2020 WL 5580166, at *3. Accordingly, Plaintiffs' Complaint is also due to be dismissed pursuant to Civil L.R. 41(d).

court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **5th** day of **August, 2021**.

                                        s/P. BRADLEY MURRAY
                                      UNITED STATES MAGISTRATE JUDGE